UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

ERICK JOSEPH MACHADO-MEZA,

    Petitioner,

v.

PAMELA BONDI,
*Attorney General of the United States,*
KRISTI NOEM,
*Secretary of Homeland Security,*
TODD LYONS,
*Acting Director, U.S. Immigration and Customs Enforcement,* and
VERNON LIGGINS,
*Acting Director, Baltimore Field Office, U.S. Immigration and Customs Enforcement,*
*in their official capacities,*

    Respondents.

Civil Action No. 26-0424-TDC

**ORDER**

    Petitioner Erick Joseph Machado-Meza, who is currently in immigration detention, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Machado-Meza is a citizen of Honduras who has lived in the United States for over 20 years, is married to a lawful permanent resident, and has children who are United States citizens. On January 24, 2026, he was arrested by U.S. Immigration and Customs Enforcement ("ICE") during a vehicle stop and was then charged as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i). An ICE officer conducted a custody determination and determined that Machado-Meza should remain detained. ICE has since placed him in removal proceedings and he is presently detained in California City, California.

    On February 2, 2026, when Machado-Meza was detained at an ICE facility in Baltimore, he filed this Petition. In the Petition, Machado-Meza seeks immediate release from detention. He

argues that a bond hearing is an inadequate remedy because such hearings have "predetermined outcomes" of denial of bond or imposition of excessive bond amounts, Pet. ¶ 33, ECF No. 1, based on the removal of immigration judges from their positions and anecdotal evidence from members of the Maryland immigration bar that the average bond has risen to $25,000.

Respondents argue that the Petition should be dismissed because the Petition appears to assume that Machado-Meza is detained pursuant to the mandatory detention provision of 8 U.S.C. § 1225(b)(2) but he is in fact detained pursuant to the discretionary detention provision of 8 U.S.C. § 1226(a). The Notice of Custody Determination attached to Respondents' Answer to the Petition states that Machado-Meza is detained pursuant to § 1226. *See* Notice of Custody Determination at 1, Ans. Ex. 3, ECF No. 9-3. Based on this Notice, and based on the Court's conclusion in *Maldonado v. Baker*, No. 25-3084-TDC, 2025 WL 2968042 (D. Md. Oct. 21, 2025), that the detention of inadmissible noncitizens who were already present in the United States, had not attempted to acquire legal entry or status, and were not actively doing so at the time of their detention is governed by § 1226(a), not § 1225(b)(2), the Court finds that Machado-Meza is detained pursuant to § 1226(a). The Court incorporates by reference its detailed analysis of this issue in *Maldonado*. *See id.* at *5–10. Machado-Meza is therefore entitled to a bond hearing in accordance with 8 C.F.R. §§ 236.1(d), 1003.19, and 1236.1(d).

Respondents agree that Machado-Meza is entitled to a bond hearing and assert that he should request one. However, the Notice of Custody Determination reveals that Machado-Meza in fact requested such a hearing by checking a box. *See* Notice of Custody Determination at 1. Because no such hearing has occurred, and because of the difficulties in scheduling bond hearings that have resulted when the Court directs a Petitioner to request a hearing as previously suggested

by Respondents, *see Amaya Lopez v. Liggins*, No. 26-0159-TDC (D. Md. 2026), the Court will order that Machado-Meza receive the bond hearing he requested and to which he is entitled.

As for Machado-Meza's argument that the Court should order his immediate release because a bond hearing would be preordained against him, he has not presented sufficient evidence for the Court to make such a finding. The Petition references anecdotal evidence from immigration attorneys in Maryland and the fact that some immigration judges have been terminated. However, the Court is not aware of, and Machado-Meza has not supplied evidence of, either the systematic denial of bond or the systematic ordering of unreasonably high bond amounts that would render the bond hearing process illusory. If Machado-Meza is not released on bond, and if he gathers additional evidence to support his argument that the bond hearing process is preordained or illusory, he may seek to supplement his Petition with such evidence.

For the foregoing reasons, it is hereby ORDERED that Machado-Meza's Petition for a Writ of Habeas Corpus, ECF No. 1, is GRANTED IN PART in that:

1. The Court finds that Machado-Meza's detention is governed by 8 U.S.C. § 1226(a).

2. Respondents shall arrange for Machado-Meza to receive a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and 8 C.F.R. §§ 236.1, 1003.19, and 1236.1.

3. The bond hearing shall be conducted pursuant to 8 U.S.C. § 1226(a), shall occur within **10 days** of the date of this Order, and shall be conducted at a location at which Machado-Meza may be represented by his present counsel. If Respondents cannot guarantee that Machado-Meza's counsel can appear remotely, they shall arrange for the hearing to occur at an Immigration Court in Maryland.

4. If Machado-Meza is not provided with a bond hearing on these terms within **10 days** of the date of this Order, Respondents shall release him from custody.

5. Within **14 days** of the date of this Order, the parties shall file a Joint Status Report to confirm Respondents' compliance with this Order. If Machado-Meza has not been released from custody, the Joint Status Report shall state whether and when a bond hearing was held in accordance with this Order and shall state the grounds for the immigration judge's decision. The Joint Status Report shall also state whether the parties agree that this case

may be closed, subject to the Court's retention of jurisdiction to enforce compliance with prior Orders.

Date: February 18, 2026

THEODORE D. CHUANG
United States District Judge